Henry A. Hudson, J.
The defendant has made a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that the court has not jurisdiction over the defendant and further that the person upon whom service of the summons and complaint was made was not in charge of any business in which the defendant is engaged within the State of Hew York.
The supporting affidavit submitted by the attorneys for the defendant recites:
“ That he (defendant) is not the record owner of any property within the State of Hew York.
“ That the person upon whom the Summons and Complaint was served, namely, Augusta M. Scholl, is not an employee of the defendant, nor is she in charge of any business of the defendant within the State of Hew York. That for these reasons defendant objects to the jurisdiction of the Court and also objects to the service of the Summons and Complaint in accordance with Section 229 B of the Civil Practice Act.”
*940 Raymond M. Bush, a member of the firm of attorneys representing the plaintiff has submitted two affidavits in opposition to the motion in which are set forth facts establishing to my satisfaction, particularly in view of the failure of the moving party to in any way controvert such proof, that Howard K. Hurwith was owner of the Hotel Hilton, the Mowry Building and other pieces of real estate located in the city of Syracuse on the dates claimed in the complaint. There was also submitted exhibits bearing the signature of the moving party to the effect that Augusta M. Scholl was employed by him as manager of Hotel Hilton during the period in question. The plaintiff’s proof, therefore, sufficiently establishes the fact that defendant was doing business in the city of Syracuse, State of New York on the dates claimed in the complaint and that Augusta M. Scholl was his agent within the intendment of section 229-b of the Civil Practice Act. I, therefore, hold the court to have jurisdiction over the person of the defendant and the service of process to have been a sufficient service upon him. The motion is denied, with $10 costs.
Order accordingly.